**William Leon HORSLEY, Appellant,**

v.

**C. M. SIMPSON, Warden, Kilby Prison, Montgomery, Alabama, Appellee.**

**No. 25557.**

United States Court of Appeals
Fifth Circuit.

Sept. 16, 1968.

Charles Stakely, Montgomery, Ala., for appellant.

David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

GEWIN, Circuit Judge:

Appellant was convicted by a jury on September 27, 1962, in the Circuit Court of Saint Clair County, Alabama, of having carnal knowledge of his seven-year-old daughter. He was sentenced to the state penitentiary for a term of twenty years. After the adverse jury verdict, Appellant's counsel neither moved the court for a new trial nor appealed the case to the state appellate court. Appellant twice petitioned the sentencing court for a writ of error coram nobis but was unsuccessful. Having exhausted his state remedies, Appellant filed in forma pauperis a petition for a writ of habeas corpus in the United States District Court for the Middle District of Alabama, alleging that his conviction was due to inadequate assistance of counsel and that he was unlawfully denied his right to appellate review in violation of his sixth and fourteenth amendment rights. The district court denied the relief sought in the habeas corpus petition and Appellant perfected an appeal to this court. We reverse the judgment of the district court.

On June 19, 1962, Appellant's wife swore out a warrant for the arrest of her husband. Appellant was taken into custody the following day and thereafter retained attorney Thurston Starnes to defend him. Although the counsel fee was set at $500, Appellant was able to pay only $80 to $100 and, subsequently, the court appointed both Starnes and H. E. Holladay to represent him. Appellant's wife and daughter were the principal witnesses against him at the trial. Mrs. Horsley testified that the alleged crime occurred around noon on the last Sunday in May. She stated that she had not complained to the authorities

until June 19 because she had not had an earlier opportunity.[1]

In the habeas corpus proceeding below, Appellant's first contention was that his attorney at the criminal trial had failed adequately to cross-examine his wife as to her alleged inopportunity to file a complaint against him earlier. The district court conducted a plenary hearing, in which numerous witnesses, including attorney Starnes, were called to testify. The court found from the evidence that detailed cross-examination of Appellant's wife would necessarily have injected evidence of another criminal violation into the case and, therefore, that Starnes' election not to pursue cross-examination was a matter of judgment. The district court concluded that Appellant had adequate and effective defense counsel at all times in the state court prosecution.

We agree with the district court's conclusion that Appellant was adequately represented at trial. The evidence in the record does reflect that Mrs. Horsley was in error when she testified at trial that she did not have an opportunity to complain until June 19. Several officials testified in the habeas corpus proceeding that on June 6 Appellant's wife and children were present at his hearing before the county court on a whiskey charge, and that Mrs. Horsley made no attempt at that time to bring a complaint against her husband. This fact, however, was not brought out at trial. Instead, Starnes tried to discredit Mrs. Horsley's testimony by emphasizing the length of time between the alleged offense and the arrest and by stressing the fact that Mrs. Horsley had continued to live with Appellant until the day of his arrest. At the habeas corpus hearing, Starnes testified that he did not question Mrs. Horsley about her appearance at Appellant's hearing on the whiskey charge because he thought it was in the best interest of his client to keep testimony regarding whiskey violations out of the trial.

In Williams v. Beto, this court stated the controlling principles in determining the adequacy of legal counsel:

It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation.[2]

The federal appellate courts are not in the business of rating legal performance. Our function is merely to ensure that the representation of criminal defendants is not so inadequate as to violate due process of law. We think that the district court's finding that Starnes represented Appellant with devotion and faithfulness is amply supported by the record.

Appellant also argued in the district court that he was denied his right to a direct appeal by his counsel's failure to appeal the conviction. The district court found that Appellant and his attorney had discussed in some detail the question of an appeal shortly after his conviction. Finding that Starnes had advised against appealing, the court concluded that Appellant,

whether upon this advice or not, intelligently and deliberately failed to appeal from the conviction. There was no reliance by Horsley upon Starnes to appeal the case, or to take any other steps in connection with an appeal of the case.

After a careful review of the entire record, we are of the opinion that the district court's finding that Appellant in-

---

1. Mrs. Horsley also testified at trial that she was afraid of her husband and that he had told her that he would kill her if she complained to anybody. However, according to Mrs. Horsley's testimony, even though she did not go to any official until June 19, she did tell some of her relatives about the incident one to two weeks after it occurred.

2. Williams v. Beto, 354 F.2d 698, 704 (5th Cir. 1965). See Tafoya v. United States, 386 F.2d 537 (10th Cir. 1967).

telligently and deliberately waived his right to appeal was clearly erroneous.

During the hearing in the court below Appellant testified that, when he retained Starnes, the attorney had agreed to take the case through the state appellate courts if necessary. Appellant further stated that, following his conviction, Starnes told him, his mother and brother that he was going to appeal the case. Although he never talked to Starnes again, Appellant testified that he thought Starnes was taking care of his appeal. In addition, Appellant stated that after he had been in jail for two or three months, he wrote to Starnes several times but received no reply. He then wrote to the Clerk of the Court of Appeals of Alabama inquiring about his appeal. The Clerk answered Appellant by letter, advising him that no appeal had been filed and suggesting that he write to the Circuit Clerk of Saint Clair County and to his lawyer. Appellant testified that he wrote to both the Clerk and Starnes but received no answer.

Starnes testified that when Appellant retained him as defense counsel, he told Appellant that he would only handle the trial. He stated that he assumed that Appellant understood what he had told him. According to Starnes, after the conviction Appellant had inquired about an appeal and he informed him that he could take an appeal but that it would not be worthwhile because the chances of success were slim. He stated that he told Appellant that transcripts were needed on appeal and that Appellant would have to bear the expense. Starnes testified that Appellant told him that he did not have any money. He admitted that he did not inform Appellant about

time limits for filing a motion for a new trial or for perfecting an appeal. At one point Starnes testified that he advised Appellant that he would not represent him further. However, Starnes was asked if Appellant was expecting him to appeal and he indicated that he was not certain that Appellant had understood it.[3] Starnes stated that he did not recall receiving any letters from Appellant asking about an appeal. However, he testified that one of Appellant's relatives came to see him after the trial inquiring about an appeal.

There can be no question that an indigent who manifests a desire to appeal his conviction is entitled to the services of a court-appointed attorney.[4] In Anders v. State of California,[5] the Supreme Court held that, if counsel determines that an appeal would be wholly frivolous, he should notify the appellate court and request to withdraw. The request must be accompanied by a brief referring to any legal points arguable on appeal and the appellate court, not counsel, must then examine the record to decide whether the case is devoid of merit. It is true that in Worts v. Dutton[6] we held that where appointed counsel unequivocally refuses to handle the appeal and makes this decision clear to his indigent client, if the client does not thereafter indicate to some responsible state official that he wishes to appeal or to have counsel on appeal, there has been no denial of his constitutional right to a direct appeal. We are of the opinion, however, that there are material factual differences between *Worts* and the instant case which compel our conclusion that Appellant was denied his right to a direct appeal.[7]

---

3. We quote from the habeas corpus record below:

> Q Are you absolutely sure that he wasn't expecting you to appeal it for him?
>
> A Now, I couldn't tell you about that.
>
> Q You are not real sure what—how he understood it?
>
> A No, sir.

4. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967).

5. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967).

6. 395 F.2d 341 (5th Cir. 1968) [June 5, 1968].

7. In *Worts* the court stated: "There is no evidence whatever of any involvement by the court or any state official in the negotiations concerning the appeal or that the court or any official knew of appellant's desire to appeal. * * * We have held that the state has no af-

First, we are convinced that Appellant never clearly understood that Starnes was not taking an appeal. Appellant consistently claimed that he thought Starnes was appealing his conviction, and the attorney was not certain that Appellant had understood that the attorney-client relationship was terminated. It seems clear, therefore, that the appeal was lost in this case because of a mutual misunderstanding. We think that the district court erred in finding to the contrary. Secondly, it is abundantly clear from the record that Appellant continuously evidenced a desire for appellate review of his conviction. The record shows that, after his conviction, Appellant wanted his counsel to appeal and that approximately three months after conviction within the time for filing an appeal in the state of Alabama,[8] Appellant inquired of the Clerk of the Court of Appeals about the status of his appeal. We think that this communication to the Clerk constitutes a sufficient showing that some responsible state official had knowledge of Appellant's desire to appeal.[9]

In addition, we held in Schwander v. United States[10] that, where the defendant has expressed a desire to appeal, court-appointed counsel's mere conclusion, without more, that there was no merit in an appeal and his refusal to appeal defendant's conviction violated the constitutional right to appellate review. In the circumstances of this case, we reach the same conclusion. The question is not whether counsel was correct in his determination or whether he acted in good faith. Neither counsel's rectitude nor his sincerity is pertinent to the issues before this court. However, we wish to point out that, although honest minds could disagree upon the correctness of his determination,[11] we are satisfied that Starnes acted with the utmost sincerity and good faith. The only matter which concerns us in this case is the adequacy of the procedures to ensure effective appellate review. Courts have long struggled to provide the indigent defendant the same rights and opportunities enjoyed by the more fortunate. A criminal defendant cannot be denied an appeal because of his indigency or ignorance.[12] We therefore conclude that Appellant is entitled to a review of his conviction in direct appeal

firmative duty to appoint counsel unless some responsible state official has knowledge that the defendant is indigent, and that he wishes to appeal." 395 F.2d at 343.

8. Ala.Code tit. 15, § 368 (1940) (recomp. 1958); Keeton v. State, 278 Ala. 81, 175 So.2d 774 (1965).

9. See Beto v. Martin, 396 F.2d 432 (5th Cir. 1968) May 14, 1968.

10. 386 F.2d 20 (5th Cir. 1967).

11. During the trial in the state court, Starnes made objections to various rulings of the trial court. He testified at the hearing below that when he made the objections he thought they were valid and that he made a point to preserve them in the record. He further testified that at the time of trial he thought the objections might possibly be valid points on appeal. However, he stated that he did not know what consideration an appellate court would have given such points of error.

In addition, we note that during the hearing in the district court a letter dated February 5, 1966, written by Mrs. Horsley to Rev. William A. Abercrombie in Birmingham, Alabama, was admitted into evidence as Appellant's exhibit number one. Mrs. Horsley stated in the letter that she had her husband put in jail because he refused to give her a divorce. Mrs. Horsley admitted in the letter that she had lied in court and that her husband had not hurt her daughter, but that she had coerced the little girl with a belt to tell the judge that her father had hurt her.

12. See Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Schwander v. United States, 386 F.2d 20 (5th Cir. 1967); Crawford v. Beto, 383 F.2d 604 (5th Cir. 1967).

as adequate as if he had appealed in the first instance.[13]

The judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

**13.** See Beto v. Martin, 396 F.2d 432 (5th Cir. 1968); LeMaster v. Beto, 387 F.2d 612 (5th Cir. 1967); Schwander v. United States, 386 F.2d 20 (5th Cir. 1967).