**618**

217 So.2d 830

**David. WILLIAMS**

v.

**STATE.**

**4 Div. 646.**

Court of Appeals of Alabama.

Jan. 14, 1969.

Jackson W. Stokes, Elba, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment of conviction of voluntary manslaughter. Punishment was set at seven years imprisonment.

Williams ·was tried and took his appeal as an indigent. His counsel has here filed what in a civil case would be assignments of error, though without a brief. These claims of error and the rulings complained of read:

I.

"That the Court erred in sustaining the State's objection to the question propounded to The Chief of Police Dunaway (Tr.Re. page 12)"

The ruling was:

"Q (Mr. Stokes continuing) Do you know of any other police officer who ever had any difficulty with him prior to this time?

"MR. STEPHENS: We object.

"THE COURT: Sustain that.

"Q (Mr. Stokes continuing) Of your own personal knowledge do you know of any other officer that had any difficulty with him prior to this time?

"MR. STEPHENS: We object, may it please the Court.

"THE COURT: Overruled.

"A I have no knowledge to that effect, no, sir."

II.

"That the Court erred in sustaining the State's objection to the question propounded to the Chief of Police Dunaway (Tr.Re. page 13)."

The ruling was:

"Q So far as you know then he has never been in any trouble prior to this time, is that right?

"MR. STEPHENS: We object to that.

"THE COURT: Yes, sustain that, that is repetitious."

Code 1940, T. 15, § 389, reads:

"§ 389. In cases taken to the supreme court or court of appeals under the provisions of this chapter, no assignment of errors or joinder in errors is necessary; but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction

must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 lays down Draconian rules as to when counsel for an indigent defendant may withdraw and (inferentially) omit to file a full brief on appeal.

■ Here, we consider the minimum requisites have been met because:

a) The jury was charitable in reducing the crime to voluntary manslaughter. The only conflict in the evidence of any substance was whether or not deceased was armed with a gun. Williams testifying in his own behalf virtually admitted that he shot deceased in the back.

b) The jury was charitable in setting Williams's punishment at only seven years. Ten years is the statutory maximum for first degree manslaughter. It is also the statutory minimum for second degree murder.

c) The trial was ably directed by the court and conducted in the same manner by counsel on both sides.

d) Under the requisites of § 389, we have considered the entire record, including the following:

1) The clerk's certificate;

2) The court reporter's certificate;

3) The statement of the organization of the court;

4) The indictment (caption, charge, conclusions, and required endorsements);

5) Judgment entry (arraignment, presence of counsel, empanelling of jury, verdict, adjudication of guilt, allocutus, sentence and notice of appeal; and

6) Each ruling of the trial judge adverse to the appellant (including those in I and II above).

e) No exception was taken to the oral charge. And

f) The so-called assignments suffice here as a brief.

The judgment below is due to be

Affirmed.