**Donald L. WILLIAMS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 5819–69–P.**

United States District Court,
S. D. Alabama, S. D.

Feb. 12, 1970.

Walter G. Cole, Jr., Mobile, Ala., for petitioner.

Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for respondent.

## ORDER

PITTMAN, District Judge.

Donald L. Williams' petition seeks to vacate a judgment pursuant to Section 2255, Title 28, United States Code. It is based on two grounds:

■ (1) He was not represented in a competent manner by his attorney, and,

■ (2) He asked his attorney to appeal and his attorney failed to file notice of appeal.

This matter came on to be heard on this the 12th day of February, 1970, with counsel appointed by the court to represent the petitioner.

The petitioner was convicted by a jury and sentenced on March 20, 1969, to the custody of the Attorney General for a period of three years. Mr. Williams employed his own attorney and his recollection of the initial employment was that he paid the attorney $100.00 to start on the case. On March 20, 1969, the defendant signed a Declaration of Election Not to Appeal which was read by him and explained to him by his attorney at that time. The Declaration states:

"*  *  * having been advised of my right to appeal and of the right of a person who is unable to pay the costs of an appeal to apply for leave to appeal 'in forma pauperis' without payment of costs, I hereby elect *not* to appeal  *  *  *. I understand that despite this election I still can appeal my conviction by sending notice to the United States District Court within 10 days of sentence, or entry of judgment."

Several letters have been introduced into court, and the court file reflects several letters written by defendant to the court, which clearly indicate that the defendant is able to read and write with understanding and clarity.

On May 7, 1969, petitioner wrote to the Clerk of this Court seeking a transcript, stating "I am thinking of making an appeal." This was approximately six weeks after sentence. On May 12, 1969, he wrote the court reporter a letter seeking a transcript stating he needed it for making an appeal.

The court received four letters from the defendant seeking a reduction of sentence. The letters were dated March 18, 1969, April 18, 1969, May 5, 1969, and May 7, 1969. An order dated May 26, 1969, was entered reciting these letters and denying reduction of sentence. A copy of it was sent to the petitioner on May 29, 1969.

The petitioner claims he wrote more than twelve letters to his attorney after sentence. His attorney testified he received four letters, of which he produced three in court, and stated he was probably so incensed over the other letter that in all likelihood he threw it away.

Mr. Williams testified that his attorney talked with him several times about the case before trial. He related all the facts known to him, but feels the attorney did not fully represent him. His chief complaint is that the trial was real short, and he complains about a letter which was entered into evidence. He could not recall whether objections were made or not made.

The court takes judicial notice that counsel for the defendant has been engaged in the practice of law in Mobile for several years. He has represented criminal defendants in several cases before the court during a period of approximately 3½ years, and according to Martindale-Hubbell Law Directory, was admitted to the bar in 1963.

The court reporter who reported the sentencing read from his notes made at the time sentence was imposed that the court informed the defendant he had 10 days to file notice of appeal and further advised him if he was unable to pay the costs of an attorney, one would be appointed and the expenses of an appeal would be paid by the Government.

Counsel for the petitioner on the trial on the merits of the case testified the petitioner did not ask him to take an appeal, nor did he—the attorney—tell him he had filed notice of appeal, nor did he tell him he would file notice of appeal. There was a discussion between them relating to the advisability of an appeal, and the attorney advised him the best thing he could do was to go on and serve his time and behave himself and get out as early as possible.

## CONCLUSIONS OF LAW

The court finds that the defendant's representation was not so inadequate as to violate due process. Horsley v. Simpson, 5 Cir., 400 F.2d 708.

It is the court's judgment that this defendant, after serving a portion of his time, has become unhappy with the length of his sentence and is seeking someway in which to vacate the sentence by appeal or otherwise. It is the further finding of the court that the petitioner was fully informed by the court and his attorney of the time in which to give notice of appeal. The court and the waiver of appeal advised him that if he was unable to bear the expense of an appeal, that he could proceed in forma pauperis. This was read by him and explained to him. He has the ability to read and understand. He had a reasonable understanding of his right to appeal, the time limit, and his right as an indigent.

Notice of appeal was not timely filed. The defendant did not ask his attorney to file an appeal, nor inform anyone else of his desire to take an appeal until more than 7 weeks after the passing of sentence.

It is therefore ordered, adjudged and decreed that the petitioner's motion to vacate the sentence, or to be granted a direct appeal, is hereby denied.