**UNITED STATES of America, Appellee,**

v.

**Henry FISHER, Defendant-Appellant.**

**No. 824, Docket 35498.**

United States Court of Appeals, Second Circuit.

Submitted March 3, 1971.

Decided May 4, 1971.

James Schreiber, Asst. U. S. Atty. and Whitney North Seymour, Jr., U. S. Atty. for Southern Dist. of New York, for appellee.

Robert Hermann and Milton Adler, New York City, Legal Aid Society, for appellant.

Before LUMBARD, Chief Judge, and KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM:

Fisher appeals from a judgment of conviction, entered on October 7, 1970, in the Southern District of New York, after trial without a jury before Judge Bryan, wherein he was found guilty of knowing and willful possession of the contents of a stolen letter addressed to one Beckie Baron, in violation of 18 U.S.C. § 1708, and of forging the endorsement of Beckie Baron, the payee of a United States Treasury check, for the purpose of obtaining the proceeds of that check, in violation of 18 U.S.C. § 495. Judge Bryan sentenced Fisher to a term of imprisonment for one year. A notice of appeal was timely filed.

Prior to the trial of this case, it was stipulated that the United States Treasury Department mailed a Social Security check for $96.50 payable to Beckie Baron, and that Beckie Baron, if called to testify, would swear that she never received that check nor did she endorse it or authorize anyone else to endorse it. The government's proof at trial showed that Fisher came to the Irving Trust Company with the Baron check, double-endorsed to him, and sought to cash it. He told the bank officers that he had gotten the check from a woman who had cashed it at his hot dog stand. The bank officer then called Mrs. Baron who stated that she did not give the check to anyone or authorize anyone to cash it. The bank therefore refused to cash the check.

The government also showed that Fisher had done the same thing eight months earlier with respect to a Treasury check payable to one Fannie Neprylyck. A government handwriting expert testified that in his opinion the same person had signed (1) "Beckie Baron" on the front and back of the Baron check, (2) two exemplars taken from Fisher, and (3) the "Fannie Neprylyck" signature on the Neprylyck check.

Fisher testified in his own behalf and stated that he had gotten the check from a woman who had made a purchase at his hot dog stand and who lived in the same apartment building as he did. According to Fisher, the woman told him that she had no money other than the check and showed identification that her name was Beckie Baron. Fisher then, according to his testimony, accepted and cashed the check and wrote Beckie Baron's name for her on the front and the back of the check. The trier of fact obviously did not believe Fisher's testimony, but rather believed that Fisher had stolen the check.

On February 3, 1971, the Legal Aid Society, the court-assigned counsel for Fisher, submitted a motion, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to be relieved as counsel on appeal on the ground that the record presents no nonfrivolous issues for the appeal. Counsel also submitted an affidavit in support of his motion, summarizing the pertinent facts and stating the possible legal issues. Attached to that affidavit was a copy of a letter from Legal Aid to Fisher informing him that Legal Aid had moved to be relieved on the above-stated ground. That letter also informed Fisher that he had the opportunity to oppose this motion or to ask that another attorney be assigned. The letter concluded:

"This motion will be before the court on March 22, 1971, and your answer should be submitted to the Court well before that date. If, for any reason, you believe you were not given a fair trial, you should write to the Court of Appeals and (1) explain as best you can why you feel a fair trial was not granted to you, (2) ask that your appeal not be dismissed, and (3) ask that Legal Aid not be relieved, or that Legal Aid be relieved but that you want another attorney assigned to handle your case."

On February 11, 1971, the government moved to dismiss Fisher's appeal. We took no action at that time pending receipt of any statement from Fisher. By March 22, 1971, Fisher had submitted nothing to this Court.

We have reviewed the record and we agree with the Legal Aid's conclusion that no nonfrivolous issues could be raised on appeal. Accordingly, we grant Legal Aid's motion to be relieved, and we affirm the conviction below.

We have written an opinion here in order to publicize our procedure in cases where *Anders* motions are filed; similar opinions detailing the facts and setting forth the course of the proceedings will ordinarily not be necessary in future cases.