444 F.2d 521
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward MINOR, Defendant-Appellant.
No. 30544 Summary Calendar.*
*(1) Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 June 23, 1971.
 
 David H. Rosenberg, Dallas, Tex., Court-appointed, for defendant-appellant; Charles E. Minor.
 Eldon B. Mahon, U.S. Atty., Charles D. Cabaniss, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 On July 1, 1970, Charles Edward Minor appeared before the district court with his court-appointed attorney and entered a plea of guilty to a charge of interstate transportation of a stolen motor vehicle, a violation of 18 U.S.C. 2312. Before the court accepted his plea, Minor stated that he understood the nature of the charge against him, as well as the maximum imposable penalty both under the Dyer Act and under the Youth Corrections Act;[1] that he had had an opportunity to discuss the case with his attorney, and that his guilty plea was entered freely and voluntarily, solely because he was in fact guilty of the offense. The court sentenced him to serve an indeterminate sentence under the Youth Corrections Act on August 20, 1970; and within ten days of his sentencing Minor sent a letter to the district court stating his desire to 'appeal his sentence.' That court filed the letter as a notice of appeal pursuant to Rule 4(a), F.R.A.P., and granted him leave to appeal in forma pauperis.
 
 
 2
 Three days after the appeal was docketed in this Court, the appellant's court-appointed trial counsel filed a motion for leave to withdraw from his appointment on the ground that the appeal was frivolous because the appellant had entered a voluntary plea of guilty. In his brief in support of his motion, counsel stated that he had conscientiously examined the record, and knew of no arguable issues which could be presented on appeal. He argued that if required to pursue the appeal the result would be 'a form of intellectual dishonesty and gymnastics'. This Court granted counsel's motion and appointed another attorney to represent the appellant, who also seeks leave to withdraw on the same grounds.
 
 
 3
 The Court advised the appellant of his right under Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, to answer counsel's motion and supporting brief by filing a response setting forth any points he claims are appealable. The appellant has failed to submit any such brief or reply.
 
 
 4
 In conformity with the guidelines established by Anders, supra, we have reviewed the entire record in this case, and are impelled to agree with counsel's characterization of the appeal as totally frivolous. Accordingly, we dismiss the appeal under Local Rule 20, and grant counsel's motion to be relieved of his appointment. Lemus v. Government of the Canal Zone, 5th Cir. 1971, 443 F.2d 23.
 
 
 5
 Appeal dismissed.
 
 
 
 [1]
 18 U.S.C. 5010(b)