The judgment of the district court will be affirmed.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Dennis KING, Defendant-Appellant.**

**No. 71-2514**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 1, 1972.

---

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

E. Howard McCaleb, III, New Orleans, La. (Court-appointed), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Michael H. Ellis, New Orleans, La., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from conviction of obstructing correspondence and forging and uttering a United States Treasury check, violations of 18 U.S.C. §§ 1701 and 495.

After the appeal was docketed, appellant's court-appointed trial attorney was granted leave to withdraw because appellant desired to question the quality of his legal representation below. We appointed new counsel, who has also filed a motion to be relieved of his appointment, on the ground that the appeal is frivolous, accompanied by a brief in compliance with Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493. Advised of his right to present issues which show merit to the appeal, appellant has filed a pro se brief.

The issues presented in both briefs are: (1) insufficiency of evidence; (2) error in imposing sentences exceeding one year, since appellant was charged by information rather than indictment; (3) deprivation of fair and impartial trial because a member of the jury committed perjury by denying that he had been acquainted with the defendant; and (4) ineffective representation by failure of counsel to challenge the juror in question and failure to subpoena defense witnesses requested by appellant.

■■ We conclude that the appeal is frivolous. The first two errors assigned lack even arguable merit. As to the second, appellant waived his right to indictment, and there is no challenge to validity of the waiver. The third and fourth are based on factual allegations outside the record, and may not be raised on direct appeal.

We dismiss the appeal as frivolous under Local Rule 20, and grant counsel's motion to withdraw. See United States v. Mills, 5th Cir. 1971, 446 F.2d 1397; United States v. Minor, 5th Cir. 1971, 444 F.2d 521; Lemus v. Government of the Canal Zone, 5th Cir. 1971, 443 F.2d 23.

Appeal dismissed.