267 So.2d 476

**Harold HOLCOMB, alias Harold Eugene Holcombe**

**v.**

**STATE.**

**7 Div. 168, 169.**

Court of Criminal Appeals of Alabama.

Oct. 3, 1972.

Affirmed.

J. M. Sides, Jerry B. Oglesby, Anniston, for appellant.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

This opinion combines the disposition of two appeals, one from a judgment of conviction of carnal knowledge of a girl over 12 and under 16 years of age (Code 1940, T. 14, § 399) and the other of murder in the first degree. Both judgments rest on pleas of guilty: the murder sentence was for life; the one for statutory rape was for ten years to run concurrently with the longer term.

It is argued by the appellant that since the punishments were set by the judge without the intervention of a jury the assessment was void because § 399, supra, and Code 1940, T. 14, § 318 both prescribe that the punishment be "at the discretion of the jury."

In Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858, the former Court of Appeals stated:

"* * * All of these authorities adhere to the rule that the statutory duty of the jury to fix punishment is mandatory and the trial court cannot relieve the jury of this prerogative. * * *."

See also Headrick v. State, 46 Ala.App. 202, 239 So.2d 572.

However, since the amendment of Code 1940, T. 15, § 277 by Act No. 1061 of September 12, 1969, when a defendant pleads guilty *before trial* (as Holcombe did in both instances sub judice) the trial court may fix the punishment without the intervention of a jury. This also covers the ascertainment of the degree of the offense as obtains, for example, in our statutory homicide.

We hold that amended § 277, supra, being later enacted, necessarily modifies pro tanto the statutory interpretation embraced in *Jenkins*, supra.

We have examined the colloquies between the bench and the prisoner and conclude that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, were observed in both cases.

Hence, the judgments below are due to be

Affirmed.

ALMON, TYSON and DeCARLO, JJ., concur.