268 So.2d 492

**Charles HAWKINS, alias**

v.

**STATE.**

**2 Div. 97–99.**

Court of Criminal Appeals of Alabama.

Oct. 24, 1972.

CATES, Presiding Judge.

This opinion consolidates our views as to the disposition of three appeals from judgments arising from pleas of guilty.

I

■ No brief strictly within the purview of Supreme Court Rule 9 has been filed on behalf of the appellant, an indigent. Nevertheless, for the purposes of due process the label and format of counsel's argument are not controlling. Nickols v. Gagnon, 7 Cir., 454 F.2d 467.

The former Court of Appeals (in discussing compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493) held that "assignments of error" (though not required in our criminal appellate practice—Code 1940, T. 15, § 389) would suffice, when appropriately drawn, as briefs for indigent appellants. Williams v. State, 44 Ala.App. 618, 217 So.2d 830.

Assignments of Error have been appended to each of the records filed here.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

## II

In 2 Div. 97 (Cir.Ct. No. 4055) the charge was for robbery. Code 1940, T. 14, § 415.

■ It is argued by appellant that since the punishment was set by the judge without the intervention of a jury the assessment was void because § 415, supra, prescribes that the punishment be "at the discretion of the jury."

In Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858, the former Court of Appeals stated:

"All of these authorities adhere to the rule that the statutory duty of the jury to fix punishment is mandatory and the trial court cannot relieve the jury of this prerogative. * * *"

However, after the amendment of Code 1940, T. 15, § 277, by Act No. 1061 of September 12, 1969, when a defendant pleads guilty *before trial* (as Hawkins did in the instance sub judice) the trial court may fix the punishment without the intervention of a jury. This also covers the ascertainment of the degree of the offense as obtains, for example, in our statutory homicide.

In Holcomb v. State, 48 Ala.App. 684, 267 So.2d 476, we held that amended § 277, supra, being later enacted, necessarily modifies pro tanto the statutory interpretation embraced in *Jenkins*, supra.

## III

We have examined the colloquies between the bench and the prisoner before the acceptance of the pleas. These were transcribed by the court reporter, a procedure approved in Walcott v. State, 288 Ala. 546, 263 So.2d 178. An alternate mode is shown with approval in Ireland v. State, 47 Ala.App. 65, 250 So.2d 602, appendix.

■ The instant three colloquies are identical. They cover:

1. The court's defining robbery, kidnaping and larceny. However, the latter crime was not expressed in the intricate terms used in Code 1940, T. 14, § 331 as amended. In particular no distinction was drawn between grand and petty larceny, T. 14, § 334. Nor was any mention made of the "joy riding" statute, T. 14, § 339.[1]

2. The court then asked if the appellant understood that each of the three offenses called for separate sentences.

3. The court pointed out that the guilty pleas also obviated appellant's earlier pleas of not guilty by way of insanity.

4. After telling appellant that he was entitled to a trial by jury the court then asked, "Do you wish to waive the right to a trial by jury?" Appellant said, "Yes, sir."

5. Appellant stated that he understood that the State had the burden to prove him guilty beyond a reasonable doubt.

6. Appellant understood, so he said, that "punishment in these cases could run anywhere from ten years to the death penalty."[2]

---

1. We do not mean to say that the *court* should ask the defendant if he understands the intricacies of lesser or related offenses. We do think that it would be well for the court to ask counsel if he has pointed this out to his client. We do not think a trial judge has any duty under *Boykin* to explore plea "copping."
The enquiry under *Boykin* goes basically to an informed and understanding waiver of the defendant's right to stand on making the State, from the evidence, convince a jury of twelve unanimously beyond a reasonable doubt that the defendant did that of which the grand jury accused him.

2. Kidnaping simpliciter carries a range of punishment of "not less than two nor more than ten years." Code 1940, T. 14, § 6. However, this lapsus linguae was harmless because the thirty year sentence

7. Appellant told the court that he had discussed "this" with his attorney.

[Then in a colloquy with defense counsel the bench was assured that (a) counsel had advised appellant of "his rights," (b) counsel, after talking with appellant, thought it was the best thing to do, and (c) counsel understood from "the situation," appellant's plea of guilty was voluntary.]

8. Appellant assured the court that his three pleas of guilty were voluntary and of his own desire after discussing the facts involved with his attorney.

The court then proceeded to find and adjudged the appellant guilty separately of each offense.

The sentence for robbery was set at thirty years, those for kidnaping and grand larceny at ten years each. The latter were fixed to concur with the thirty year term.

In the above colloquy we find significant omissions of the Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, mandates as to:

a) The right to a public trial;

b) The verdict of guilty must come from a jury of twelve;

c) The right against self-incrimination;

d) The right to choose to waive that right and testify in one's own behalf;

e) The right to confront and cross-examine one's accusers, i. e., all prosecution witnesses; and

f) The right to subpoena defense witnesses and have compulsory process for their attendance.

We note that *Ireland,* supra, had seemingly not then been published.

Also, propter aliud examen, we call the trial court's attention to Code 1940, T. 15, § 287, as to the punishment for robbery and grand larceny which may or may not have occurred here in the same transaction. We also advise asking the defendant as to any inducements, vel non, made to get his plea. See *Ireland,* supra.

Because of the above pointed out omission to cover the pertinent distinction between grand larceny and petty larceny and for the omissions listed under a) through f) above, the judgments in these three causes are due to be reversed. Therefore, the causes are remanded to the circuit court for further proceedings consistent herewith.[3]

Reversed and remanded.

HARRIS and DeCARLO, JJ., concur.

ALMON, J., concurs in result.

TYSON, J., concurs specially with opinion.

TYSON, Judge (concurring specially).

I concur in Part III of the opinion in this cause prepared by our distinguished Presiding Judge wherein the opinion of the Court sets forth the deficiencies of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and such have been further defined in opinions of this Court in Cooper v. State, 47 Ala.App. 178, 252 So.2d 104, cert. den., 47 Ala.App. 182, 252 So.2d 108; and Clark v. State, 48 Ala.App. 108, 262 So.2d 310, cert. den. 288 Ala. 736, 262 So. 2d 312.

I find myself, however, in disagreement with what I deem to be a necessary com-

---

for robbery with which the others ran concurrently does away with any prejudicial injury.

3. The writer regrets that Alabama, unlike most of the other States, except for Code 1940, T. 15, § 266, still permits a man to plead guilty and then like a Whirling Dervish tergiversate and take an appeal. With the increasing superintendence of the Federal courts, no miscarriage of justice in this field should be anticipated. *Boykin* is a Federal creation and should be Federally policed.

pliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, pertaining to counsel's obligation to the client on appeal of his conviction. In *Anders* we find the following:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His · role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

"This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate. Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled. This procedure will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel."

In discussing an indigent appellant's rights following conviction, the United States Court of Appeals for the Eighth Circuit in DeMarrias v. United States, 444 F.2d 162, at 164, stated:

"An indigent defendant is entitled to an in forma pauperis appeal and to the assistance of counsel on that appeal, unless his appeal is found to be wholly frivolous. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Williams v. United States, 402 F.2d 548 (8th Cir. 1968); Horsley v. Simpson, 400 F. 2d 708 (5th Cir. 1968); 18 U.S.C. § 3006A; 28 U.S.C. § 1915.

"A defendant is entitled to due process in the court's determination of whether his appeal is wholly frivolous. Due process requires the court, with the assistance of briefs of defense counsel setting forth any grounds arguably supporting the appeal, to make a full examination of the record before determining that the appeal is wholly frivolous. Anders v. California, *supra*; Horsley v. Simpson, *supra*.

"If the court finds that the appeal is frivolous, an indigent defendant is entitled to be informed that he may challenge the court's finding, and that he may have the assistance of counsel in doing so. Johnson v. United States, 352 U.S. 565, 77 S. Ct. 550, 1 L.Ed.2d 593 (1957); 18 U.S.C. § 3006A."

In discussing counsel's role in representing an indigent appellant on appeal from his conviction in the United States District Court, the United States Court of Appeals for the Fifth Circuit in United States v. Minor, 444 F.2d 521, at 522, stated:

"Three days after the appeal was docketed in this Court, the appellant's court-appointed trial counsel filed a motion for leave to withdraw from his appointment on the ground that the appeal was frivolous because the appellant had entered a voluntary plea of guilty. In his brief in support of his motion, counsel stated that he had conscientiously examined the record, and knew of no arguable issues which could be presented on appeal. He argued that if required to pursue the appeal the result would be 'a form of intellectual dishonesty and gymnastics.' This Court granted counsel's motion, and appointed another attorney to represent the appellant, who also seeks leave to withdraw on the same grounds.

"The Court advised the appellant of his right under Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, to answer counsel's motion and supporting brief by filing a response setting forth any points he claims are appealable. The appellant has failed to submit any such brief or reply.

"In conformity with the guidelines established by *Anders,* supra, we have reviewed the entire record in this case, and are impelled to agree with counsel's characterization of the appeal as totally frivolous. Accordingly, we dismiss the appeal under Local Rule 20, and grant counsel's motion to be relieved of his appointment. Lemus v. Government of the Canal Zone, 5th Cir. 1971, 443 F.2d 23.

"Appeal dismissed."

I find myself in accord with the authorities as hereinabove set forth, and would require as a minimum from counsel the following:

(a) Court appointed counsel should file with the appellate court a motion indicating that, in his opinion, the appeal is frivolous and requesting permission of the appellate court to withdraw from his representation of the appellant.

(b) That copies of such motion be sent to the appellant and to the trial judge who made the appointment of counsel.

(c) That the appellant be given an opportunity to request other counsel to review the record and advance appellant's position.

(d) Should the second counsel determine that such appeal is frivolous, in his opinion, and so advises the court, the appellant, and the trial court, then the appellant may be allowed to file such pro se brief as he may desire in order for the court to then review the record in accordance with its statutory duty under the provisions of Title 15, Section 389, Code of Alabama 1940, Recompiled 1958. See also, Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501; United States v. Fisher, 2 Cir., 442 F. 2d 1018; Jackson v. Turner, 10 Cir., 442 F.2d 1303; United States ex rel. Randazzo v. Follette, 2 Cir., 444 F.2d 625; United States v. Crawford, 5 Cir., 446 F.2d 1085; United States v. Mills, 5 Cir., 446 F.2d 1397; Perry v. Texas, 5 Cir., 456 F.2d 879; United States v. King, 5 Cir., 456 F. 2d 1243.