150 So.2d 387

**Richard J. THOMAS**

v.

**STATE of Alabama.**

**1 Div. 41.**

Supreme Court of Alabama.

Feb. 21, 1963.

Richard J. Thomas, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

On the 19th day of May, 1959, the appellant, Richard Jewell Thomas, was tried and convicted in the Circuit Court of Clarke County, Alabama, or carnal knowledge of a girl under 12 years of age, and his punishment fixed at 25 years in the penitentiary. The defendant gave notice of appeal.

On the 20th day of May, 1959, the defendant withdrew his notice of appeal and waived suspension of sentence pending his appeal and began serving his sentence at once.

On the 18th day of September, 1961, Thomas filed his petition in the Circuit Court of Clarke County, Alabama, for writ of error coram nobis. The state moved to dismiss the petition stating several grounds therefor, among them being that the matters and things alleged were available to petitioner at the time of his trial and would not support a petition for error coram nobis. The writ of error coram nobis was denied

and the petition dismissed, and petitioner brings this appeal.

The record now before us purports to contain the record proper in the proceedings of the circuit court on the petition.

There is no transcript of the evidence in this record.

The petition is grounded on four alleged errors: (1) that petitioner was not allowed to give evidence in support of his plea of insanity in that he was not allowed to testify as to two attempts to commit suicide while in jail; (2) that the circuit solicitor, the Honorable Wymon Gilmore, gave evidence from a United States Department of Justice, F.B.I. record, which the petitioner contended was inaccurate; (3) that his attorney, at the original trial, the Honorable Neil Graham, was not allowed to argue to the jury a matter of evidence; namely, whether or not petitioner had been sent to Bryce's for examination; and (4) that the official court reporter, Mrs. Mildren N. Womble, did not record the entire trial proceedings of petitioner's original trial, on May 19, 1959, in that she did not record the testimony on his motion for a continuance filed in behalf of petitioner, just prior to trial, dealing with the absence of a witness.

The fourth ground of appellant's petition for error coram nobis was withdrawn by appellant during the hearing of the petition. The other three grounds of the petition were denied by the trial court for the simple reason that they were not supported by the evidence.

■ The writ of error coram nobis does not lie to enable an accused to question the merits of the case or to correct an issue of fact which has been adjudicated, even though wrongfully determined, or to review errors concerning facts known to the court with reference to which the court acted at the time of the trial. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Seals v. State, 271 Ala. 622, 126 So.2d 474. It is also well established that in a petition for writ of error coram nobis, mere naked allegations that a constitutional right has

been invaded will not suffice. The application should make a full disclosure of the specific facts relied upon and not mere conclusions' as to the nature and effect of such facts. Authorities, supra.

We have also said in the recent case of Allison v. State, 273 Ala. 223, 137 So.2d 761:

"* * * The writ of error coram nobis is not intended to relieve a party from his own negligence. Ex parte Taylor, 249 Ala. 667, 32 So.2d,659. We do not think the writ is intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired. * * *"

■ The only matters complained of in. the petition before us could have been reviewed, and corrected, if erroneous, on appeal.

On this record, petitioner is not entitled to relief by writ of error coram nobis. The circuit court did not err in refusing to grant the writ and dismissing the petition.

Affirmed.

LAWSON, GOODWYN, and COLEMAN, JJ., concur.