190 So.2d 542

**Richard Jewell THOMAS**

v.

**STATE.**

**1 Div. 392.**

Supreme Court of Alabama.

Sept. 22, 1966.

Richard Jewell Thomas, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

HARWOOD, Justice.

This is an appeal from a judgment dismissing and denying appellant's petition for a writ of error coram nobis.

The appellant was convicted in 1959 of carnal knowledge of a girl under twelve years of age, and sentenced to imprisonment for twenty-five years.

In his prosecution on the carnal knowledge charge, the appellant was represented by court appointed counsel at arraignment and during his trial. After judgment of guilty, notice of appeal was given, but the appellant withdrew his notice of appeal and elected to begin serving his sentence. He was forthwith transferred to Kilby Prison.

Since his incarceration the appellant has been a most active practitioner in processing post conviction proceedings both in the state courts and in the federal courts.

In 1960, the appellant filed an original petition for habeas corpus in this court. This petition was denied. Ex parte Thomas, 270 Ala. 411, 118 So. 738. Thereafter

his petition for habeas corpus was denied by the Federal District Court for the Middle District of Alabama, with certiorari being denied by the Court of Appeals for the Fifth Circuit, and the United States Supreme Court. See Thomas v. Wiman, 370 U.S. 947, 82 S.Ct. 1594, 8 L.Ed.2d 812.

The Attorney General in brief states that thereafter appellant filed a number of petitions for writs of habeas corpus in the United States District Court in Montgomery and in Mobile, and in the Fifth Circuit as well as in the Supreme Court of the United States.

Thomas next appears in the reports of this court in 1963, wherein a judgment of the Circuit Court of Clarke County denying another petition for writ of error coram nobis was affirmed. In this petition some four violations of his constitutional rights were averred by the petitioner. Thomas v. State, 274 Ala. 531, 150 So.2d 387.

In connection with the 1963 coram nobis proceedings the Attorney General, under the provisions of Sections 566, 567, Title 7, Code of Alabama 1940, instituted an action to correct the judgment entered in the original trial to reflect that a copy of the indictment was timely served on Thomas, and that he was asked by the court before pronouncing sentence if he had anything to say why the sentence should not be pronounced upon him.

Prior to such nunc pro tunc hearing in 1963, the lower court ordered Thomas transferred to Clarke County to be present at the hearing. Counsel was not appointed to represent Thomas at the nunc pro tunc proceedings.

The present coram nobis proceedings are based upon Thomas' lack of counsel at the nunc pro tunc proceedings.

■ As stated in Horsley v. State, 42 Ala.App. 567, 172 So.2d 56:

"Coram nobis is not a plenipotentiary mission to retry indictments: it is a carefully guarded engine to root out egregious fraud or collusion leading to a judgment. Willis v. State, 42 Ala.App. 85, 152 So.2d 883; Duncan v. State, 42 Ala.App. 111, 154 So.2d 302."

■ Nor is the writ of error coram nobis intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired. Thomas v. State, 274 Ala. 531, 150 So.2d 387, supra.

■ The omission in the original judgment of a showing that Thomas had not been served with the indictment, and of a showing of allocutus, now complained of in the present petition, could have been reviewed, and if erroneous, corrected on appeal.

Regardless of the correction of the judgment in the nunc pro tunc proceedings, the points now raised by Thomas could not have benefited him on an appeal of the original judgment.

■ If there be want of, or irregularities in, service of a copy of an indictment on an accused, such defect must be challenged before verdict. Shaffer v. State, 202 Ala. 243. 80 So. 81; Morse v. State, 22 Ala.App. 93, 112 So. 806.

■ Further, while the failure of the original judgment in the trial for carnal knowledge to show an allocutus before the imposition of the sentence is to the extent of such omission erroneous, if no reversible error otherwise infects the trial, such error would not affect the judgment of conviction. In such instances the judgment is affirmed, but remanded for proper sentence. Smith v. State, 28 Ala.App. 506, 189 So. 86, and cases cited therein.

There was no fraud in the original trial, nor any collusive act unknown to the defendant Thomas in his original trial perpetrated on him by the state, nor any overt matter which would have prevented the en-

try of the original judgment. See Willis v. State, 42 Ala.App. 85, 152 So.2d 883.

It follows that the matters sought to be raised by Thomas in this most recent coram nobis proceedings were not of a nature to be within the scope of such proceedings. The lower court therefore correctly dismissed the petition.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.