298 So.2d 659

**Delmar Ray CARAWAY**

v.

**STATE.**

**4 Div. 301.**

Court of Criminal Appeals of Alabama.

July 30, 1974.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Asst. Gen., for the State.

Allen Edward Cook, Andalusia, for appellant.

**HARRIS, Judge.**

This appeal is from the judgment of the Circuit Court of Covington County denying appellant's petition for a writ of error coram nobis.

Appellant was arrested on May 31, 1971, for killing his wife. He was given a preliminary hearing at which time he was represented by retained counsel. Following this hearing, he was held for action by the Grand Jury and denied bond. Thereafter a petition for writ of habeas corpus seeking bond was filed in the Circuit Court and was denied.

He was indicted for murder in the first degree and on August 23, 1971, two prominent and distinguished trial lawyers of the Andalusia Bar were appointed to represent him. He was arraigned on August 25, at-

tended by counsel, and pleaded not guilty. The case was set for trial on September 9, 1971, and on that date he changed his not guilty plea and pleaded guilty to murder in the second degree with the understanding that he would receive a thirty-year sentence. Plea bargaining was had between the district attorney and appellant's counsel wherein it was agreed that the first degree murder charge would be dismissed, and appellant would plead guilty to murder in the second degree and get thirty years, all subject to the approval of the court.

Before accepting the guilty plea, the trial judge went to great pains in determining that the guilty plea was voluntarily made as well as intelligently made. All of the *Boykin* rights were fully explained to appellant with the *exception of the range of punishments. There was no appeal from the original judgment of conviction.*

In April of 1973 a *pro se* petition for writ of error coram nobis was filed seeking to overturn the judgment of conviction entered on September 9, 1971. Two other prominent and distinguished Andalusia trial lawyers were appointed to represent appellant at the coram nobis hearing on March 19, 1974. The *pro se* petition was twice amended by appellant's counsel. The gist of these amendments take the point that appellant was drunk at the time he allegedly killed his wife and that he did not know that this fact might reduce the charge against him and, also, that he was not advised what lesser offenses were included in the charge of murder and what the minimum sentences were for such lesser offenses.

By stipulation a copy of the proceedings had at the time the guilty plea was taken was introduced in the coram nobis hearing as "Petitioner's Exhibit No. 1". We have carefully examined this exhibit and are clear to the conclusion that the guilty plea to murder in the second degree was voluntarily and intelligently made. It is also manifest to us that all of the *Boykin* rights were fully explained to appellant, except the maximum and minimum sentences for the several degrees of homicide, and that he understood these rights. The failure of the trial court to advise appellant as to the range of punishment would have been fatal to the judgment of conviction on a direct appeal but there was no appeal.

The writ of error coram nobis is not intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired. Thomas v. State, 280 Ala. 109, 190 So.2d 542.

In Hawkins v. State, 49 Ala.App. 26, 268 So.2d 492, this Court held that in colloquies preceding the acceptance of a guilty plea there is no requirement of the part of the trial court to ask the defendant if he understands the intricacies of the lesser included offenses.

At the conclusion of the hearing in this case, the trial judge advised appellant of his right to appeal and that he was entitled to a free transcript but declined to appoint counsel to represent him on this appeal. The Court said:

"The Court having knowledge that said defendant has at various stages been represented by members of all the leading law firms of the Circuit, is of the opinion that this Court should not appoint counsel to represent said petitioner on appeal, but should leave the appointment of appellant's counsel to the enlightened discretion of the Alabama Court of Criminal Appeals."

This Court appointed counsel for appellant on this appeal. The record before us reflects that since the date of the homicide appellant has been represented on various matters by no less than six outstanding lawyers. He has had his day in court and all litigation must, at some time, come to an end.

This case is affirmed.

Affirmed.

All the Judges concur.