307 So.2d 731

**Joe Louis THICKLIN**

v.

**STATE.**

**8 Div. 594.**

Court of Criminal Appeals of Alabama.

Feb. 4, 1975.

Richard W. Tingle, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was originally convicted, on September 29, 1971, for robbery and sentenced to twelve years imprisonment. He was represented at trial, and subsequently on a petition for writ of error, by retained counsel, Honorable Gary C. Huckaby.

The instant appeal is from the denial of a petition for writ of error coram nobis, wherein the appellant was represented by court-appointed counsel. Appellant sought to set aside his original trial and conviction, contending (1) that he did not have counsel at arraignment, and was not present, and (2) that certain photographs of the appellant had identifying marks on them when shown to the State's witnesses at original trial, which marks the appellant contends were suggestive, and (3) that this matter was not raised on original trial, or on petition for writ of error. At the coram nobis hearing, the appellant's retained counsel, Mr. Huckaby testified that he was present with the appellant at arraignment and throughout his original trial in the Circuit Court of Madison County. He testified that he had gone over the question of the appellant's identity with him prior to trial and that he had endeavored to cross-examine the State's witnesses pertaining thereto. He testified that the victim made a positive in-court identification of the appellant, not only at preliminary hearing, but also at trial. He further testified that he discussed the taking of an original appeal with the appellant and gave notice, but appellant did not pay him a $750.00 fee, which had been agreed upon, so he did not pursue this original appeal. He testified further that after the time for appeal had run, the appellant requested that he pursue the extraordinary remedy of writ of error, that he did do this, but this had been denied by the Court of Criminal Appeals. The trial court denied the petition for writ of error coram nobis, stating that such matters were not proper for writ of error coram nobis, and, further, that the appellant had not met the burden of proof.

We are in full accord with the trial court's findings, and we affirm this cause.

As stated above, the appellant was represented at preliminary hearing, arraignment,

**336**

and original trial by able retained counsel. Moreover, the matter of a direct appeal was discussed, but not perfected.

Further, the retained counsel did pursue a common law writ of error, which was denied.

 This Court most recently, speaking through Judge Harris, in Caraway v. State, 53 Ala.App. 237, 298 So.2d 659, stated:

"The writ of error coram nobis is not intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired. Thomas v. State, 280 Ala. 109, 190 So.2d 542."

Moreover, appellant's counsel's testimony indicates that the matter of discrepancies was discussed and sought to be presented at trial. The failure to review any discrepancies pertaining to photographs and identification process may not now be presented in this proceeding. As noted by the able trial judge, the appellant failed to carry the burden of proof.

The judgment below is hereby

Affirmed.

All the Judges concur.