316 So.2d 228

**Paul Samuel LEWIS**

**v.**

**STATE.**

**3 Div. 300.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

George H. Howell, Prattville, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Appeal from denial of writ of error coram nobis.

The appellant was indicted on three counts of murder in the first degree on September 12, 1969, for the strangulation death of Jacquelyn Ann Hill in Autauga County. The appellant was represented at trial by attorney Solomon S. Seay, Jr., who on trial date entered a plea of guilty on behalf of his client. By agreement, the appellant was then sentenced to life imprisonment.

The appellant filed a petition for writ of error coram nobis on July 13, 1973, alleging that upon pleading guilty on November 5, 1970, he was not apprised of his constitutional rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969).

At the coram nobis hearing, the transcript of the proceedings culminating in the guilty plea was introduced into evidence, and the State called the appellant's former attorney, Solomon S. Seay, Jr., as a witness. Over objection, Mr. Seay testified that he fully apprised the appellant of all of his constitutional rights as set out in *Boykin, supra,* and enumerated them to the court.

The transcript of November 5, 1970, after certain plea bargaining between the appellant, his counsel and the State, shows the following sequence:

"THE COURT: All right. Mr. Seay, you have fully advised the Defendant of all of his constitutional rights, as defined by the Supreme Court of the United States, and also the State of Alabama, haven't you?

"MR. SOLOMON S. SEAY, JR.: I have, Your Honor. Yes, sir.

"THE COURT: All right. Now, with that understanding, I will allow the Defendant to with—to enter a plea of guilty, and waive a jury trial, if he cares to do so.

"MR. SOLOMON S. SEAY, JR.: All right, Your Honor.

"MR. JAMES M. FULLAN, JR.: If it please the Court, may I read the indictment at this time?

"THE COURT: Yes, sir. All right, then.

"MR. JAMES M. FULLAN, JR.: (Reading) . . . .

. . . . . .

"THE COURT: Now, Paul Samuel Lewis, I'd like for you to state your plea to the Court, at this time, to that indictment.

"MR. SOLOMON S. SEAY, JR.: If the Court—if Your Honor please, the Defendant pleads guilty pursuant to, and in accordance with, Title 15, Section 277, of the Code of Alabama.

"THE COURT: And that's—that's what he wants to do?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Let the record show that the Defendant, in the presence of the Court, with his Attorney, stated to the Court that he wanted to proceed under Section 15—Title 15, Section 277. Is there anything further now, gentlemen?

"MR. SOLOMON S. SEAY, JR.: We have nothing further, Your Honor."

■ In *Thomas v. State,* 280 Ala. 109, 190 So.2d 542 (1966), the Alabama Supreme Court stated that the writ of error coram nobis is not intended to provide a review by appeal where the complaining party had not sought to appeal and the time for appeal had long since expired.

Citing *Horsley v. State,* 42 Ala.App. 567, 172 So.2d 56, that Court went on to state:

". . . 'Coram nobis is not a plenipotentiary mission to retry indictments: it is a carefully guarded engine 'to root out egregious fraud or collusion leading to a judgment. . . .' "

In the case of *Mayton v. State*, 52 Ala. App. 626, 296 So.2d 249 (1974), Harris, J., speaking for this Court, affirmed the trial court's denial of a similar petition for writ of error coram nobis, pointing out that the trial court failed to advise Mayton of his privilege against compulsory self-incrimination, stating:

". . . The privilege against compulsory self-incrimination is the first right outlined in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and would have been fatal to the judgment of conviction on a direct appeal. There was no appeal from the original judgment of conviction.

"The writ of error coram nobis is not intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired. *Thomas v. State*, 280 Ala. 109, 190 So.2d 542."

Again in the case of *Caraway v. State*, 53 Ala.App. 237, 298 So.2d 659 (1974), this Court on finding that *Boykin, supra*, was not complied with by failing to apprise Caraway of the range of punishments, applied *Thomas, supra*, in affirming the denial of the writ.

Had the instant case come before us on direct appeal, there is little doubt as to the results pursuant to *Boykin, supra*. However, according to the cases hereinabove cited, a writ of error coram nobis is an inappropriate method of bringing the subject matter of this case before us for review.

Affirmed.

TYSON, HARRIS and DeCARLO, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.

CATES, P. J., not sitting.