ON REHEARING
In addition to the views expressed by this Court on original deliverance, to which we adhere, we note the following points.
At the time of the purported stipulation in the trial court in this cause, on October 11, 1974, following the introduction of the transcript of the prior trial, we find the following reply in behalf of the State of Alabama [R.21]:
“MR. GREENE: Now, I, the State of Alabama, in answer to this proceeding *784 and this proposal on his plea of not guilty and the consideration by The Court of the transcript of the prior trial in this case stands mute, in accordance with the papers that were filed in Court this morning.”
In light of the above reply on behalf of the State of Alabama, we cannot consider the purported stipulation as being a valid or binding one since the State of Alabama “stood mute.”
The State further argues that this proceeding be considered as “what is commonly referred to as an out of time appeal.” There is no authority in law for this Court to consider original appeals not “timely perfected” under our present Alabama practice. City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606; Mitchell v. State, 54 Ala.App. 203, 306 So.2d 296, cert. denied 293 Ala. 767, 306 So.2d 298; Ellison v. State, 55 Ala.App. 50, 312 So.2d 632, and authorities therein cited.
Moreover, this Court most recently, speaking through Judge Harris, in Caraway v. State, 53 Ala.App. 237, 298 So.2d 659, stated:
“The writ of error coram nobis is not intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired. Thomas v. State, 280 Ala. 109, 190 So.2d 542.” Thicklin v. State, 54 Ala.App. 335, 307 So.2d 731.
Opinion extended, application overruled.
All the Judges concur.