CATES, Presiding Judge.
Heretofore in the 1974-75 Term of this Court, without opinion, affirmed under Code 1940, T. 13, § 66, after review via T. 15, § 389, a conviction of Rudolph for the beastly crime against nature upon a fellow penal inmate — Code 1940, T. 14, § 106. No rehearing was sought. Nor did the State ask to set submission aside.
Thus, on the expiry of that term as extended on midnight October 4-5, 1975, our power over the appeal lapsed completely.
Code 1940, T. 13, § 20. Compare also decisions under T. 13, § 119.
On October 15, 1976, counsel for Rudolph filed a detailed no-merit letter. However, the cause having been finally. disposed of without the intervention of any higher court, e. g., the Supreme Court of Alabama or the Supreme Court of the United States, this court has lost all jurisdiction over the appeal. Hines v. State, 48 Ala.App. 297, 264 So.2d 218; Wade v. State, 51 Ala.App. 441, 286 So.2d 317; Ex parte Mitchell, 54 Ala.App. 203, 306 So.2d 296; and Malone v. Alabama, 5 Cir., 514 F.2d 77, 78, 79 (fn. 2).
This Court, not being competent to entertain any jurisdiction over the appeal, hereby orders that counsel’s letter be returned accompanied by a copy hereof. It will be treated as a motion which is
DISMISSED FOR MOOTNESS.
All the Judges concur.