On Rehearing after Oral Argument
CATES, Judge.
August 26, 1976, we affirmed the judgment below without opinion. See Code 1940, T. 13, § 66.
The trial judge had on March 18, 1976, denied coram nobis to review a conviction on February 18, 1974, based on a plea of guilt to statutory rape, i. e., carnal knowledge of a girl under twelve years of age. The sentence was for twenty years. Code 1940, T. 14, § 398. No appeal was taken. Coram nobis was filed November 3, 1975.
Kilgore now complains that his plea of guilt was null and void because:
(1) the now deceased Sheriff of Dallas County had promised Kilgore to get him paroled at an early date;
(2) the trial judge made no enquiry as to the “factual basis for the plea”; and
(3) failure to follow Cooper [v. State], 53 Ala.App. 36, 297 So.2d 169, or Twyman [v. State], 293 Ala. 75, 300 So.2d 124.
Also, there was no colloquy as to the lesser offense of attempt. See Code 1940, T. 14, § 42.
In Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108, it was held (7-2) that a provident plea of guilty must be based on a record showing, inter alia, that either defense counsel or the trial court has explained the elements of the charged offense and the factual possibility of there being only guilt of a less aggravated kindred crime, e. g., manslaughter rather than murder. Accordingly, the dictum in Hawkins v. State, 49 Ala.App. 26, 268 So.2d 492 (a direct appeal) and in Caraway v. State, 53 Ala.App. 237, 298 So.2d 659 (coram nobis appeal) must be now disregarded because of Henderson v. Morgan, supra, as to the need for not explaining elements and embraced lesser crimes. The ratio decided in Caraway, supra, is still law.
However, regardless of what we might have decided here on direct appeal, we clearly consider that the writ of error coram nobis does not embrace this factual situation. See Mayton v. State, 52 Ala.App. 626, 296 So. 249; Caraway v. State, 53 Ala.App. 237, 298 So.2d 659; and Lewis v. State, 55 Ala.App. 397, 316 So.2d 228.
Even though a plurality of the court in Henderson v. Morgan, supra, abstained from retrospectivity, we consider that the Alabama courts on collateral attack have no jurisdiction to review pleas of guilty after the time for direct appeal has gone. See fn. 3 appended to Hawkins, supra. Here there was no state court remedy six months after the original judgment.[1] See Rudolph v. State, Ala.Cr.App., 339 So.2d 144 (ms. 3 Div. 355, October 26, 1976) and cases there cited.
The affirmance will stand; the application for rehearing is overruled.
OPINION DELIVERED; APPLICATION OVERRULED.
All the Judges concur.

. Rule 4(a)(1) ARAP now gives 42 days; this requirement may not be suspended. Rule 2(b), ibid.