Petitioner, an inmate of Kilby State Penitentiary located in Montgomery County, appeals from the summary denial of his petition for writ of habeas corpus.
Petitioner alleges in his petition that his guilty plea was coerced and involuntary, that he was physically threatened, assaulted and beaten while incarcerated in the Lauderdale County Jail following his arrest and that he was denied proper medical attention while incarcerated in the county jail.
A circuit judge of Montgomery County denied the writ without requiring that any return be made. Alabama Code 1975, Section15-21-8.
Habeas corpus issues against void, and not merely voidable, judgments. Weathington v. City of Birmingham, 52 Ala. App. 77,289 So.2d 645 (1973), cert. denied, 292 Ala. 757, 289 So.2d 649
(1974). It cannot be used as a substitute for writ of error, certiorari, or appeal, Price v. Holman, 279 Ala. 324,184 So.2d 835 (1966), and, in fact, matters that could have been considered on appeal cannot be reviewed by writ of habeas corpus. LaBryer v. State, 45 Ala. App. 33, 222 So.2d 361, cert. denied, 284 Ala. 732, 222 So.2d 366 (1969).
While habeas corpus will issue when the record shows an excess or a lack of jurisdiction on the part of the convicting court, State v. Thurman, 205 Ala. 677, 88 So. 899 (1921), an allegation of errors and irregularities in the conduct of the trial will not be considered.
 "Even an allegation that a prisoner's `incarceration is due to failure to observe that fundamental fairness essential to every concept of justice' will not be sufficient. For the writ to apply, the judgment under which the convicted person is held must be void on its face; parol evidence can not be introduced to establish procedural or substantive errors that may have occurred. `Where the court proceeding and the conviction under which the prisoner is held are of a court of competent jurisdiction and are regular on their face, and no invalidity appears on the face of the proceedings, the petition for the release of the prisoner in a habeas corpus proceeding is properly denied.' Thus, a fourteenth amendment violation not apparent in the record can not provide a basis for a writ of habeas corpus; extrinsic evidence necessary to establish a violation of the prisoner's constitutionally protected rights is inadmissible." (citations to authority omitted)
 Post Conviction Remedies in Alabama (29 Ala. Law Rev. 617, 623) (1978).
As can be observed, beyond the concept of an excess of jurisdiction, habeas corpus in Alabama is not a very effective means of post conviction relief. Habeas corpus has been described in terms of Matthew 7:14: "Because strait is the gate, and narrow the way . . . and few there be who find it." A. Cates, Post Conviction Remedies, 28 Ala. Law. 257, 262 (1967). Habeas corpus "is no mere jumble of post conviction archeological tools to explore willy nilly the bones of old criminal trials." Aaron v. State, 43 Ala. App. 450, 451,192 So.2d 456 (1966).
The alleged involuntariness of petitioner's guilty plea could and should have been raised on direct appeal. Lewis v. State,55 Ala. App. 397, 316 So.2d 228 (1975). A petition for habeas corpus is an inappropriate method of bringing the subject matter of this case before this Court for review.
We have searched the record and found no error prejudicial to the petitioner. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur. *Page 188