BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for writ of error coram nobis. In 1978, Leslie Evans pled guilty to the capital murder of Haas J. Tooson and was sentenced to life imprisonment without parole. His conviction was affirmed on original submission, Evans v. State, 362 So.2d 1284 (Ala.Cr.App.1978), but, on application for rehearing, the conviction was reversed and remanded “on authority of Prothro v. State, Ala.Cr.App., 370 So.2d 740, and Youngblood v. State, Ala.Cr.App., 372 So.2d 34.” 372 So.2d 37 (Ala.Cr.App.1979). The petition for writ of certiorari to the Supreme Court of Alabama was dismissed. See 372 So.2d 37 (Ala.1979).
Evans was reindicted for capital murder in November of 1979. In December of 1979, he pled guilty and was sentenced to life without parole.
In August of 1984, Evans filed a pro se petition for writ of error coram nobis. The trial court granted the District Attorney’s motion to dismiss and denied and dismissed the petition without a hearing.
*181 In his petition, Evans argued that his guilty plea was involuntary because he did not understand the element of intent. See Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), holding that a defendant could not enter a voluntary plea of guilty to a charge of second-degree murder without being informed that intent to cause the death of the victim was an element of the offense. Evans also argues that he is entitled to a new trial because certain parts of the statute were declared unconstitutional after he pled guilty.
I
A petition for writ of error coram nobis is not the appropriate method for seeking review of a claim that the accused had not been apprised of his constitutional rights at the time he entered his guilty plea. Lewis v. State, 55 Ala.App. 397, 316 So.2d 228 (1975). See also Fields v. State, 407 So.2d 186, 187 (Ala.Cr.App.1981). The writ of error coram nobis is not intended “to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired.” Thomas v. State, 280 Ala. 109, 110, 190 So.2d 542 (1966). The writ does not serve “as a delayed appeal of issues which could have been decided at the initial trial or on direct appeal.” Ex parte Ellison, 410 So.2d 130, 132 (Ala.1982); Ex parte Jacques, 409 So.2d 885 (Ala.1982).
Additionally, it must be noted that an ordinary guilty plea is not involved in this case. Because this involves a capital offense, a jury had to determine Evans’ guilt or innocence.
“By the law of Alabama, whether the accused pleads guilty or not guilty, or refuses or declines to plead, a jury must pass upon the question of the guilt or innocence of one indicted under the Death Penalty and Life Imprisonment Without Parole Act, and a jury must fix defendant’s punishment if he is found guilty. Neither the Constitution of the United States nor the Constitution of Alabama gives an accused the right to dispense with a jury trial. Prothro, 370 So.2d at 746-47.
In the motion to dismiss, the State alleges that in pleading guilty Evans stipulated that he “did stab or cut with a knife Haas J. Tooson, the deceased, numerous times in the chest, side, neck, abdomen and back, thereby causing the death”, and further stipulated that an autopsy revealed that Tooson had been stabbed or cut 22 times and that several of these wounds would have caused death. Under these circumstances, Evans’ allegation that he did not understand that intent was an element of the offense is completely absurd.
II
Certain portions of the death penalty statute under which Evans was convicted were declared unconstitutional in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and Beck v. State, 396 So.2d 645 (Ala.1980). Evans argues that he is therefore entitled to a new trial. Our Supreme Court answered this question in Lane v. State, 412 So.2d 292 (Ala.1982), where it was held that a defendant who entered a plea of guilty to a capital offense, and who was sentenced to life without parole, was not entitled to withdraw that guilty plea and obtain a new trial on the basis of the decision in Beck v. Alabama, 447 U.S. 625,100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), providing that a sentence of death may not be constitutionally imposed after a jury verdict of guilt of capital murder when the jury was not permitted to consider a verdict of guilt of any lesser included non-capital offense.
The judgment of the circuit court is affirmed.
AFFIEMED.
All Judges concur.