TAYLOR, Judge.
Walter R. Hunt was convicted in 1981 in Jefferson County of the capital offense of murder for hire in contravention of § 13A-5-31(a)(7), Code of Alabama 1975. He was sentenced to life without parole. His con *63 viction and sentence were affirmed by this court in Hunt v. State, 453 So.2d 1083 (Ala.Cr.App.1984). Earlier this year, Hunt filed a motion to produce in the Jefferson County Circuit Court, seeking certain information concerning the jury and jury venire in his case to be used in a petition for writ of error coram nobis. This motion was denied. Then he filed his petition for the writ and now appeals its denial but also seeks to appeal the denial of his motion to produce.
I
Hunt contends that the court erred in denying his motion to produce. At the time he filed it, he had no proceeding pending in the Circuit Court for Jefferson County. This constitutes an effort on the part of the petitioner to have discovery which does not relate to any pending proceeding. Generally speaking, discovery relates to specific proceedings. In Ex parte Wyatt, 43 Ala.App. 379, 190 So.2d 924 (1966), this court found that a petitioner’s request for a free transcript of trial to be used later as a foundation for a petition for writ of error coram nobis was due to be denied. Judge Cates stated:
“[W]e consider that ordinarily discovery before filing a petition for coram nobis is premature and hence the request is cor-am non judice.”
That ruling controls this case.
Further considering Hunt’s motion to produce, however, it appears that the information sought was intended to establish that the black people were excluded from the jury venire and jury in his case. The thrust of the petition for writ of error coram nobis was to allege unconstitutional exclusion by race. The rule is adverse to petitioner, however, as regards coram no-bis. It is settled law that an attack on the jury venire for systematic racial exclusion cannot be raised on coram nobis, where the issue could have been raised at trial but was not raised. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683 (1943); Ex parte Seals, 271 Ala. 622, 126 So.2d 474, cert. denied, 366 U.S. 954, 81 S.Ct. 1909, 6 L.ED.2d 1246 (1961); Hill v. State, 57 Ala. App. 437, 329 So.2d 126, cert. denied, 295 Ala. 406, 411, 329 So.2d 132 (1976). The fact that the state used some of its peremptory strikes against members of the accused’s race in selecting the jury does not by itself present a case of systematic exclusion. We take judicial notice of the record certified to this court at the time of the direct appeal and that this issue was not raised. See Bryant v. State, 49 Ala.App. 359, 272 So.2d 286, cert. denied, 289 Ala. 740, 272 So.2d 297, cert. denied, 412 U.S. 922, 93 S.Ct. 2744, 37 L.Ed.2d 149 (1972).
II
(A)
Hunt raises three other issues by his petition for writ of error coram nobis, but none of them entitles him to a hearing. He undertook to “fire” his attorney just before trial. He did not request to be allowed to hire another attorney and specifically stated that he was not asking for a continuance in order to do so (as we again take judicial notice of the trial transcript). His comment was that from then on, the state was paying the attorney and not him. The record indicated however, that the attorney had already been paid in full. This allegation is inadequate on its face to merit a hearing.
(B)
Hunt next alleges that his trial attorney was ineffective because he failed to call witnesses who would testify that Hunt was somewhere else at the time of the murder. His allegation, however, fails to say who these witnesses would be, where they would say he was, or what else they would have testified to. Failure to call such witnesses is a matter of trial tactics. To call witnesses who offer flimsy or transparently false alibis, or whose wil-fully false testimony is apparent to the jury, tends to inflame the jury against the defendant. Such requests are sometimes made of counsel by the accused when he does not know what the witness might *64 testify to, but with the remote hope that the prospective witness might perjure himself or herself in his behalf. This allegation of ineffective assistance does not trigger a right to a hearing. Falkner v. State, 462 So.2d 1040 (Ala.Cr.App.1984).
(C)
Petitioner Hunt says he has newly discovered evidence which, if it had been heard by the jury, would have prevented his conviction. He does not share with us what that evidence is or what kind of evidence it is. This allegation does not trigger the right to a hearing on a petition for a coram nobis writ. Stephens v. State, 420 So.2d 826 (Ala.Crim.App.1982); Thomas v. State, 274 Ala. 531, 150 So.2d 387 (1963).
The court did not err in dismissing the petition without a hearing, and its action is due to be affirmed.
AFFIRMED.
All the Judges concur.