In 1981, Patricia Ann Thomas Jackson was convicted for the capital murder of Bonnie Walker and sentenced to death. Her conviction was affirmed on appeal and certiorari was denied by both the Alabama Supreme Court and the Supreme Court of the United States. Jackson v. State, 459 So.2d 963
(Ala.Cr.App.), affirmed, Ex parte Jackson,459 So.2d 969 (Ala. 1984), cert. denied, Jackson v. Alabama,470 U.S. 1034, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985).
Jackson was convicted under § 13A-5-31(a)(13), Code of Alabama 1975, for "murder committed by a defendant who has been convicted of murder in the first or second degree in the 20 years preceding the crime." In 1982, while her appeal of the capital conviction was pending, Jackson filed a petition for writ of error coram nobis challenging her 1966 conviction for murder. The denial of that petition was affirmed on appeal.Jackson v. State, 446 So.2d 691 (Ala.Cr.App. 1983).
In 1985, Jackson filed a petition for writ of error coram nobis challenging her 1981 capital conviction. That petition was denied after an evidentiary hearing. Jackson now appeals from that denial.
Tuscaloosa County Circuit Judge Joseph A. Colquitt presided over Jackson's capital trial and her coram nobis hearing. In denying the petition, he issued a lengthy written order. We highly commend Judge Colquitt for his scholarship and for the conscientious manner with which he conducted the proceedings. In this opinion, we quote the relevant portions of Judge Colquitt's order because his findings are factually *Page 544 
accurate and legally both comprehensive and sound.
 I
Jackson argues that her 1966 murder conviction was improperly used as both a necessary element of the capital offense and as an aggravating circumstance in imposing the death penalty. Judge Colquitt found that this claim was procedurally barred from coram nobis review because it could have been but was not raised at trial and on direct appeal. Coram nobis is not available to review issues which could have been raised at trial or on direct appeal. Ex parte Ellison,410 So.2d 130, 132 (Ala. 1982). The failure to raise an issue which could have been raised at the original trial or on the direct appeal bars the remedy of coram nobis review. Ex parteBoatwright, 471 So.2d 1257, 1259 (Ala. 1985) (J. Maddox concurring specially); Ex parte Jacques,409 So.2d 885, 886 (Ala. 1982); Adams v. State, 281 Ala. 432,433, 203 So.2d 448 (1967); Eagen v. State, 280 Ala. 438, 44142, 194 So.2d 842 (1967); Thomas v. State,280 Ala. 109, 110, 190 So.2d 542 (1966); Butler v. State,279 Ala. 311, 313, 184 So.2d 823 (1966); Aldridge v.State, 278 Ala. 470, 474, 179 So.2d 51 (1965); Thomasv. State, 274 Ala. 531, 532, 150 So.2d 387 (1963);Allison v. State, 273 Ala. 223, 224, 137 So.2d 761, cert. denied, 369 U.S. 856, 82 S.Ct. 946, 8 L.Ed.2d 15 (1962);Ex parte Seals, 271 Ala. 622, 624-25, 126 So.2d 474, cert. denied, 366 U.S. 954, 81 S.Ct. 1909, 6 L.Ed.2d 1246
(1961); Summers v. State, 366 So.2d 336, 340
(Ala.Cr.App. 1978), cert. denied, Ex parte Summers,366 So.2d 346 (Ala. 1979).
"A writ of error coram nobis is appropriate only when the petitioner's claim is based on facts he or she did not know and could not have discovered at the time of trial." Comment,Post-Conviction Remedies in Alabama, 29 Ala.L.Rev. 617, 635 (1978). This rule applies in capital cases involving the death sentence. Ex parte Seals, supra; Luke v.State, 484 So.2d 531, 532 (Ala.Cr.App. 1985). "Plainly, claims which could have been raised at trial and on appeal are not cognizable in coram nobis. See e.g. Echols v.State, 276 Ala. 489, 164 So.2d 486 (1964)." J.L. Carroll,Post-Conviction Remedies in Alabama Capital Cases, p. 12 (Montgomery, Ala.: The Southern Poverty Law Center, n.d.);Dobard v. State, 455 So.2d 281, 283 (Ala.Cr.App. 1984); Magwood v. State, 449 So.2d 1267, 1268
(Ala.Cr.App. 1984).
Jackson contends that the rule of Keller v. State,380 So.2d 926 (Ala.Cr.App. 1979), cert. denied, 380 So.2d 938
(Ala. 1979), that the aggravating component of the capital crime could not also supply an aggravating circumstance, should apply because her conviction occurred before the decision inEx parte Kyzer, 399 So.2d 330 (Ala. 1981), which effectively overruled Keller. That contention was rejected in Kennedy v. State, 472 So.2d 1092
(Ala.Cr.App. 1984), affirmed, Ex parte Kennedy,472 So.2d 1106, 1108-09 (Ala. 1985), cert. denied, Kennedy v.Alabama, ___ U.S. ___, 106 S.Ct. 340, 88 L.Ed.2d 325
(1985). "[T]he constitutional prohibition against state enactment of ex post facto laws is, 'as its terms indicate, directed against legislative action only, and does notreach erroneous or inconsistent decisions by the court.' " Kennedy, 472 So.2d at 1109 (emphasis in original).
 II
Jackson argues that under Brooks v. Kemp,762 F.2d 1383 (11th Cir. 1985), vacated on other grounds, Kemp v.Brooks, ___ U.S. ___, 106 S.Ct. 3325, 92 L.Ed.2d 732
(1986), several statements made by the prosecutor at the jury sentencing phase of her trial constitute reversible error. This claim, in its present form, was not raised at trial, on direct appeal, or in the coram nobis proceedings in the circuit court. A coram nobis petitioner "certainly . . . may not raise in brief on appeal from denial of a petition matters which he did not even allege in his petition." See McLeod v. State,415 So.2d 1232 (Ala.Cr.App. 1982); Boatwright v.State, 494 So.2d 929 (Ala.Cr.App. 1986). *Page 545 
Additionally, this issue is also barred from review by coram nobis because there was no objection made to the prosecutor's comments at the sentencing phase of the trial.
However, in the coram nobis proceeding, Jackson did complain that her trial counsel were ineffective because they failed to object to portions of the prosecutor's closing argument during the jury sentencing phase of the trial. Judge Colquitt specifically addressed this issue and found that counsel were not ineffective and that Jackson was not prejudiced by the prosecutor's argument.
 "Failure to Object to Allegedly Improper Prosecution Argument
 "Petitioner raises this third allegation of ineffective assistance in paragraph 21 of the Petition. In support of this claim, Petitioner called Ralph Burroughs and Joel Sogol.
 "At the coram nobis hearing, Petitioner specified the following arguments as objectionable arguments to which her trial counsel should have objected:
 "1. I promise you — and I don't mean this in any way in a macabre fashion — if it is necessary that she be executed someone has to understand the severity of what is done and I will be there and I will be a part of that because I think that's necessary and in order to ask that I have to promise you that I will be there. (S.R. 72-73 ['S.R.' refers to the supplemental transcript of argument introduced at the coram nobis hearing.]).
 "2. This woman has killed once; she has killed twice. You have heard evidence that she would kill again were she given half the chance. (S.R. 73).
 "3. Ladies and gentlemen, the prison that women are sent to is not full of murderesses. It's full of a lot of people, and down there there're people that are down there for one year for possession of drugs; two years for having stolen something. If you send this woman down there and she kills again, then it is the next jury to be asked, 'Well, is that enough?' Are you going to vote to sentence now or will you send her back and let her kill again? (S.R. 73-74).
 "4. She has no more care or compassion for human life than a reptile. (S.R. 74).
 "Petitioner's trial counsel did not object to these arguments. Both Sogol and Burroughs explained their failure to do so as being due to their shock at the jury's guilty verdict. This explanation is not credible. Both attorneys are experienced trial attorneys who have had clients convicted of serious crimes and have been surprised by verdicts before. As earlier noted, both attorneys have experienced remorse over Petitioner's sentence and have second-guessed essentially every decision they made in defending her. Further, the trial court observed their demeanor at trial and they did not appear to be shocked or dazed. "Even if the prosecution argument was improper, every failure to object to argument does not render a lawyer's representation ineffective. Fleming v. Kemp, 753 F.2d 930, 938-939 (11th Cir. 1985); Adams v. Wainwright, 709 F.2d 1443, 1446 (11th Cir. 1983). Petitioner is not entitled to error-free representation. E.G., Engle v. Isaac, 426 [456] U.S. 107, 134 [102 S.Ct. 1558, 1575, 71 L.Ed.2d 783] (1982).
 "The prosecutor's reference to attending the execution is at worst an ambiguous expression of his personal opinion but can also fairly be characterized as stressing to the jury the significance of their decision. A reviewing court should not 'lightly infer' that an ambiguous argument is intended to or has its most damaging meaning and effect. Brooks v. Kemp, 762 F.2d 1383, 1411 (11th Cir. 1985) (en banc). Trial counsels' performance was not deficient for failing to object to only arguably improper argument. See, Fleming v. Kemp, 748 F.2d 1435, *Page 546 
1450 (11th Cir. 1984); Hall v. Wainwright, 733 F.2d 766, 773 (11th Cir. 1984).
 "Even if this argument was improper, Petitioner has not shown that 'but for' counsels' failure to object 'the result of the proceeding would have been different.' Strickland v. Washington, supra, [466 U.S. 668] 104 S.Ct. [2052] at 2068 [80 L.Ed.2d 674]. The Eleventh Circuit has held that the test to determine whether prosecution argument was prejudicial is 'whether there is a reasonable probability that, but for the arguments, the death verdict would not have been given.' Brooks v. Kemp, supra, 762 F.2d at 1413.
 "Argument that was not prejudicial cannot have changed the outcome of the penalty stage hearing. Any prejudicial impact of the prosecutor's argument that he would attend Petitioner's execution is mitigated by its brevity and ambiguity. Even if the argument is seen as an expression of the prosecutor's personal opinion that Petitioner should be sentenced to death, its adverse effect was further alleviated by Petitioner's counsel's penalty stage argument in which he emphasized that the jury had the duty and burden of deciding punishment, (R. 70-71), and by the trial court's instructions in which the Court explained the jury's obligation to weigh the evidence and to decide on punishment, (R. 358362). Thus from the record it appears that the jury was properly apprised of its role and duty and that Petitioner was not prejudiced by this argument.
 "The prosecutor's references to Petitioner killing again are both a fair inference from the evidence at trial and a specific deterence argument. As such, this argument is not improper. Brooks v. Kemp, supra, 762 F.2d at 1411-1412; Tucker v. Kemp, 762 F.2d 1480, 1486 (11th Cir. 1985) (en banc).
 "Arguing that a person who has twice committed murder has no more compassion than a reptile is an obvious and clear inference from the evidence. Cf., Brooks v. Kemp, supra, 762 F.2d at 1413 (prosecution analogy of defendant to cancer an appropriate argument). Trial counsel are not obliged to raise objections without regard to their merits. Griffin v. Wainwright, 760 F.2d 1505 (11th Cir. 1985); Palmer v. Wainwright, 725 F.2d 1511, 1523 (11th Cir. 1984).
 "Petitioner has, thus, failed to show that her counsels' performance was deficient for failing to object to argument.
 "Even if Petitioner's trial counsels' performance was deficient, she has failed to show that she was prejudiced. As noted above, failure to object to argument that is not prejudicial to a defendant cannot satisfy the prejudice prong of the Strickland v. Washington test. Deciding whether prosecution argument was prejudicial requires consideration of such argument in light of the entire case. Brooks v. Kemp, supra, 762 F.2d at 1413. Mitigating against prejudice in the case at bar is the strength of the State's case, the absence of mitigating circumstances, the fact that the jury was informed that statements by attorneys are not facts, (R. 18), and that they were properly instructed in their task at the penalty stage, (R. 358-362). The prosecution argument was brief and disjointed. If it was emotional, emotion is inescapable in deciding a matter of such consequence. The mere fact that argument has emotional overtones does not render it improper. Brooks v. Kemp, supra, 762 F.2d at 1404-1405. The cited argument did not change the outcome of the penalty stage. Petitioner was not prejudiced by the argument itself or her counsels' non-objection.
 "Additionally, trial counsels' assertion that their failure to object was harmful presents a clear example of the second-guessing to which they have subjected their performance. A more accurate assessment of the lack of prejudice arising from their failure to object is Burroughs' observation that the 82nd Airborne Division could not have kept the jury from sentencing Petitioner to death. Petitioner is not entitled to relief on this claim."
Effective counsel does not mean errorless counsel or counsel that objected *Page 547 
every time he "probably should have." Adams v.Wainwright, 709 F.2d 1443, 1446 (11th Cir. 1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984). "[A] court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning."Donnelly v. DeChristoforo, 416 U.S. 637, 647,94 S.Ct. 1868, 1873, 40 L.Ed.2d 431 (1974). Here, as in Fleming v.Kemp, 748 F.2d 1435, 1450 (11th Cir. 1984), cert. denied, ___ U.S. ___, 106 S.Ct. 1286, 89 L.Ed.2d 593 (1986), "We have examined the comments in question and conclude that their propriety was debatable and that objections could have backfired on the defense. Counsel's heat-of-trial decisions not to object are understandable here. Even in hindsight, we cannot fault them." The prosecutor's comments were not of such nature as to render the proceedings fundamentally unfair. At the very worst, they are questionable, but certainly not of constitutional magnitude. Hall v. Wainwright,733 F.2d 766, 773 (11th Cir. 1984), cert. denied, Wainwright v.Hall, 471 U.S. 1107, 105 S.Ct. 2344, 85 L.Ed.2d 858
(1985).
Even if the prosecutor's arguments were improper, we find no reasonable probability that the jury would have recommended a lesser punishment if the arguments had not been made.Brooks v. Kemp, 762 F.2d at 1413 (11th Cir. 1985).
 III
Jackson contends that her death sentence is invalid because the trial court improperly used her prior misdemeanor convictions to enhance her punishment in that she was not given notice that those convictions would be used and because the record does not show that she was represented by counsel or had waived counsel when she was convicted of the misdemeanors.
Again, this issue, in its present form, was not raised in the coram nobis petition or proceedings. For that reason, this issue is barred from coram nobis review. To the extent that this argument was raised in Jackson's contention that trial counsel were ineffective for failing to object to the trial court's use of the misdemeanor convictions, Judge Colquitt's findings are proper.
 "Failure to Object to the Use of Uncounseled Misdemeanor Convictions in Determining the Presence or Absence of Mitigation
 "Petitioner raises this first allegation of ineffective assistance in paragraph 18 of the Petition. In support of this claim Petitioner called Joel Sogol and Ralph Burroughs.
 "In its sentencing order, the trial Court found that the statutory mitigating circumstances, '[t]he defendant has no significant history of prior criminal activity,' Code of Alabama
1975, § 13A-5-36(1), was not present. (R. 433) The trial court stated:
 "This defendant does have a history of prior criminal activity, and it is significant. The defendant was convicted of Murder in the Second Degree in Case No. 9760-A on November 9, 1966, and sentenced to 12 years imprisonment. The defendant has one conviction of Assaulting a Police Officer, one conviction of Resisting Arrest, seven convictions for disorderly conduct, one conviction of malicious destruction of property, one conviction of leaving the scene of an accident, and several traffic infractions. The Court finds that this mitigating circumstance is not present in this case.
 "(R. 433). The pre-sentence investigation report on Petitioner contains a summary of her criminal activity matching this recitation by the trial Court. (R. 428-429). "Petitioner alleged that it was improper to consider these misdemeanor convictions without proof that Petitioner had been represented by counsel or had waived counsel, and that her trial counsel was ineffective for failing to object to this allegedly improper use of Petitioner's prior conviction. Petitioner asserts that these misdemeanor convictions were used to 'enhance' her punishment. *Page 548 
 "Without conceding that the trial Court's use of Petitioner's prior offenses were improper [not every use of prior convictions without proof of representation is invalid. See, Lewis v. United States, 445 U.S. 55 [100 S.Ct. 915, 63 L.Ed.2d 198] (1980) (where offense of possessing a firearm was predicated on prior felony conviction, possession conviction was not rendered invalid because prior conviction was uncounseled and therefore subject to collateral attack). Petitioner's punishment was not enhanced by virtue of her criminal history in the sense that convictions are enhanced under the DUI and habitual offender statutes as in Petitioner's cited cases. Of course, trial counsel's performance was not deficient for failing to object to the proper use of her prior record] Petitioner has failed to show that she was prejudiced by her counsels' actions. Petitioner was a convicted murderer when she murdered Bonnie Walker. Her 1966 murder conviction is more than adequate to rebut any suggestion that she lacked a significant history of prior criminal activity. It is a much more serious offense than all of the others combined. Even if Petitioner's trial counsel had objected to and kept out any evidence of offenses other than the 1966 murder, Petitioner would still have had a significant criminal history. Petitioner has not met her burden of proving that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' Strickland v. Washington, supra, 104 S.Ct. at 2068.
 "The finding by the Court rejected a statutory mitigating circumstance. The Court was not determining the presence of an aggravating circumstance."
The constitution does not prohibit consideration in sentencing of criminal activity that did not result in a conviction. Godfrey v. State, 383 So.2d 575, 577-78
(Ala.Cr.App.), cert. denied, Ex parte Godfrey,383 So.2d 579 (Ala. 1980), U.S. cert. denied, Godfrey v.Alabama, 449 U.S. 903, 101 S.Ct. 276, 66 L.Ed.2d 134
(1980). See also Alabama v. Evans, 461 U.S. 230,232-33, 103 S.Ct. 1736, 1738-39, 75 L.Ed.2d 806 (1983). "One class of information which is particularly relevant to the sentencing decision is the defendant's previous criminal activity. In addition to previous convictions, it is acceptable to consider evidence of crimes for which a defendant has been indicted but not convicted. . . . Activities for which there has been no charge filed can be considered as well. . . . In general, the relevant inquiry for information at sentencing is whether it is reliable." Tucker v. Kemp,762 F.2d 1480, 1487 (11th Cir.) (citations omitted), vacated on other grounds, ___ U.S. ___, 106 S.Ct. 517, 88 L.Ed.2d 452 (1985).
 IV
Jackson argues that her trial counsels' failure to prepare for or present any evidence at the sentencing phase of her trial constituted ineffective assistance of counsel. Judge Colquitt found that under Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Jackson "received effective assistance of counsel at the penalty phase of the trial."
"Petitioner's Trial Counsel
 "Petitioner was represented by Ralph Burroughs and Joel Sogol at her capital murder trial. Both were appointed to represent her, pursuant to the standard practice in Tuscaloosa County.
 "Ralph Burroughs is, and was at the time of Petitioner's trial, the Public Defender for Tuscaloosa County, Alabama. He has also been an Assistant District Attorney. With over 20 years experience, as both a prosecutor and defense attorney, Burroughs has tried numerous jury trials. He had defended two post-Furman
capital cases before Petitioner's capital trial. Burroughs is certainly one of the most experienced criminal defense attorneys in Tuscaloosa.
 "Joel Sogol is a former Assistant Public Defender who is, and was at the time of Petitioner's trial, in private practice in Tuscaloosa. At the time of Petitioner's *Page 549 
trial, some 60 percent of Sogol's practice was criminal defense work. Burroughs requested that Sogol be appointed to assist him because he knew Sogol to be a competent and experienced attorney from working with him for over four years in the past. He also knew that Sogol was especially capable in technical legal matters. In addition, Sogol had participated in the defense of one post-Furman capital trial before Petitioner's. He had some eight years trial experience at the time. He is, and was at the time of Petitioner's trial, an experienced and competent criminal defense attorney.
 "Both Burroughs and Sogol met with Petitioner a number of times before her trial. In addition, employees of the Public Defender's Office conducted an extensive investigation into the facts surrounding the offense. Based on their prior experience at working with each other, an informal division of labor arose with Burroughs and the Public Defender's Office handling the factual matters and Sogol handling the legal issues. Even so, Sogol went to the murder scene and interviewed witnesses in the surrounding area. Petitioner's trial counsel also sought to develop character witnesses and other testimony favorable to the Defendant but was unable to find any.
 "Petitioner's defense at trial and sentencing was self-defense. In addition, trial counsel sought at trial, and in a subsequent coram nobis petition, to prevent the use of Petitioner's 1966 murder conviction thus turning her case into a non-capital murder.
 "At the coram nobis hearing, both trial counsel expressed disappointment in their performance at the penalty stage of Petitioner's trial. Despite their disappointment, trial counsels' performance was not deficient nor was Petitioner prejudiced by trial counsels' performance at the penalty stage of her trial.
 "Both Sogol and Burroughs are deeply opposed to capital punishment in general and in Petitioner's case in particular. Burroughs went so far in expressing his abhorrence to capital punishment as to say he was ashamed to live in a state that permitted it. Sogol stated that no case under the Alabama statute would warrant capital punishment to him. The depth of Sogol's feeling is illustrated by his filing a coram nobis petition in which he alleged that he was ineffective.
 "Burroughs' and Sogol's normal opposition to capital punishment was heightened in the instant case because of their relationship with the Petitioner. Sogol is closer to her than any of his other clients. Neither attorney thought that the offense she was charged with was so serious as to warrant death. Burroughs referred to it as what is commonly known as a 'shothouse killing,' an apparent indication of lesser culpability on Petitioner's part. Both Burroughs and Sogol think it would be a tragedy if Petitioner was executed.
 "Both attorneys admitted that they were second-guessing their performance. Their concern for petitioner and their obvious remorse over her having been sentenced to death has clearly rendered them unable to fairly and accurately judge their performance. Burroughs candidly admitted that his evaluation of his performance was due, at least in part, to his having been unsuccessful in Petitioner's defense. That Sogol was equally influenced is apparent from his testimony in which he repeatedly referred to any alternative as better than what he did since he had lost. The Court, based on its observation of both counsel at trial and the witnesses' testimony and demeanor at the coram nobis hearing, does not consider Burroughs' and Sogol's opinions as to their competency at the penalty stage of the trial to be accurate and places no weight upon their opinion. Both attorneys are well-qualified, highly competent, experienced criminal defense attorneys. Their misgivings about their performance are not shared by the Court."
* * * * * * *Page 550 
 "Failure to Present Mitigating Evidence
 "Petitioner raises this ineffective assistance of counsel claim in paragraph 26 of the Amendment to her Petition. A hearing was held on this claim at which Petitioner presented the testimony of Joel Sogol, Ralph Burroughs and Dennis Balske. Petitioner's testimony did not support her claim.
 "The only evidence introduced at the penalty stage of Petitioner's trial was the stipulation that she was 33 years old. (R. 357) Trial counsel had conducted an extensive pre-trial investigation which included talking to Petitioner's neighbors and talking to the Petitioner about her criminal history and personal background. Trial counsel's investigation did not discover any witnesses helpful to her defense at either the guilt or penalty stages of her trial.
 "Trial counsel sought but were not able to find any witnesses who would testify to Petitioner's good character. Even if such witnesses had been available, calling such witnesses would have provided the prosecution with an opportunity to present Petitioner's extensive criminal history, including a then-pending assault with intent to murder charge.
 "Trial counsel did not call Petitioner at the penalty stage because her testimony about her life history could have opened the door to putting her pending assault with intent to murder case before the jury. Preventing the jury from hearing damaging evidence is a sound basis for a strategic decision. The fact that the jury sentenced Petitioner to death does not invalidate this decision.
 "Trial counsel did not present evidence of Petitioner's life history because they had no witnesses available to do so. As noted above, Petitioner's testimony could have caused more harm than good. Petitioner had also told trial counsel that she did not want her family involved in the trial of her case. Additionally, she had told Burroughs that her only family was her daughter and grandchild. Burroughs would have called these witnesses if he had thought they could help but did not. There were no other witnesses whose testimony would have helped Petitioner.
 "Both Sogol and Burroughs testified that it would have been better for them to have presented Petitioner's life story to the jury than to do what they did. In support of this contention, Petitioner also called Dennis Balske who testified that such a 'social work' approach is the only way to effectively conduct a penalty stage defense. However, Balske has had death sentences imposed when such an approach was taken and all three lawyers admitted they had no idea of how such evidence would have affected Petitioner's jury. Burroughs and Sogol both think it would have been better to take such an approach, but clearly they think so simply because their original strategy did not work. Petitioner, as well as her trial counsel, is engaging in precisely the sort of 20/20 hindsight dissection of counsel's performance which has been condemned by the United States Supreme Court. Strickland v. Washington, supra, 104 S.Ct. at 2065-2066.
 "Despite Mr. Balske's opinion, there is more than one way to effectively represent a defendant at the penalty stage of a capital murder trial. Strickland v. Washington, supra, 104 S.Ct. at 2066. ('There are countless ways to provide effective assistance in any given case.'). Trial counsel has no absolute duty to present mitigating evidence. Mitchell v. Kemp, 762 F.2d 886, 889 (11th Cir. 1985). Petitioner's trial counsel is not obligated to present all conceivable mitigating evidence. E.g., Griffin v. Wainwright, 760 F.2d 1505, 1513 (11th Cir. 1985). Trial counsel's strategic decision not to call witnesses is not subject to second-guessing. Messer v. Kemp, 760 F.2d 1080, 1092 (11th Cir. 1985); Soloman v. Kemp, 735 F.2d 395, 404 (11th Cir. 1984) ('While attorneys may disagree as to how many or what particular witnesses to call, such is the stuff out of which trials are made.'). *Page 551 
 "Petitioner has not only failed to show that trial counsel's performance was deficient but also has failed to prove prejudice. As noted above, a petitioner who alleges that trial counsel was ineffective must prove that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' Strickland v. Washington, supra, 104 S.Ct. at 2068. Petitioner presented no mitigating evidence at the coram nobis hearing. None of the witnesses who supposedly would have been able to testify favorably for Petitioner at trial did so at the hearing. Petitioner has not shown that a 'social work' approach would have developed any more mitigation than was presented at her trial. The witnesses Petitioner did call did not know what effect such evidence would have had, even if it had been available. Petitioner has utterly failed to show that she was prejudiced by her attorney's performance at the penalty stage. Petitioner is not entitled to relief on this claim."
The observation in Fleming v. Kemp, 748 F.2d at 1452, is applicable here: "Petitioner's examples of professional dereliction dissolve away under close scrutiny, leaving at best a handful of colorable claims. A defense attorney is not ineffective solely because his client is sentenced to death."
Our review convinces us that the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All Judges concur.